DAN SIEGEL, SBN 56400
JANE BRUNNER, SBN 135422
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiff
RENEE THOMAS

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENEE THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; JIM KNOWLTON; and NEIL MCGUIRE,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Civil Rights**<br><br>Jury Trial Demanded |

**INTRODUCTION**

1. Renee Thomas brings this action to vindicate her rights to be free from discrimination based upon her gender. As a highly acclaimed high school and club soccer player, she was recruited and became a member of the women's soccer team at the University of California, Berkeley, based upon assurances that she would continue as a member of that team as long as she met the team's reasonable performance expectations. Despite her excellent performance on the team, on April 29, 2019, without warning or explanation, Head Women's Soccer Coach Neil McGuire released

her from the team. The University did not treat male soccer players whose performance was similar to that of Ms. Thomas in the same manner.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over plaintiff's claims pursuant as this action arises under Title IX of the Education Amendments of 1972 (20 U.S.C. §§1681, *et seq.*) and its interpreting regulations. This Court also has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution).

3. The state law claims in this action are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 U.S.C. § 1367.

4. Venue is proper in the United State District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

**PARTIES**

5. At all times relevant hereto, plaintiff RENEE THOMAS was a student at the University of California, Berkeley and a current or former player on the University of California, Berkeley women's soccer team.

6. At all times relevant hereto, defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA was a governmental agency established under the California Constitution. THE REGENTS owns and operates the University of California, Berkeley, with full powers of organization and governance of the University of California, a public trust. THE REGENTS is a recipient of federal funds and must comply with Title IX.

7. At all times relevant hereto, defendant JIM KNOWLTON was the Athletic Director of the University of California, Berkeley Athletic Program. Mr. KNOWLTON is responsible for ensuring compliance with all rules and regulations governing student athletics. He is sued in his individual and official capacities.

8. At all times relevant hereto, defendant NEIL MCGUIRE was the Head Coach of the women's soccer team at the University of California, Berkeley. Mr. MCGUIRE is responsible for recruiting and retention of female athletes on the women's soccer team. He is sued in his individual and official capacities.

**STATEMENT OF FACTS**

9. RENEE THOMAS is a sophomore at University of California, Berkeley ("Cal").

10. Ms. THOMAS is a well-regarded soccer player. She played club soccer with the Los Angeles Futbol Club Slammers where she won the 2018 Development Academy U18/19 National Championship. She also played soccer for the Laguna Beach High School's varsity soccer team.

11. NEIL MCGUIRE, head coach for the women's soccer team at Cal, recruited RENEE THOMAS to play in the positions of forward and defender for the 2018-2019 season.

12. Ms. THOMAS was offered a scholarship by the University of Colorado to play soccer for its women's team but turned it down to accept a non-scholarship spot on Cal's women's soccer team.

13. Ms. THOMAS joined the Cal soccer team for the 2018-2019 season. She was one of six freshman players on the team who was not on scholarship.

14. Ms. THOMAS joined the Cal soccer team with the implicit promise that if she performed well, she would continue as a member of the team.

15. Ms. THOMAS did perform well and participated in every opportunity available to her to improve her performance.

16. Ms. THOMAS played 304 minutes against top opponents during the 2018-2019 season, far more than any other non-scholarship freshman that year. Of the 31 players on the team, Ms. THOMAS ranked 20th in playing time and tied for eighth in points for goals and assists.

17. Additionally, Ms. THOMAS trained with MR. MCGUIRE individually before practices. Mr. MCGUIRE told her that she was promising enough to rival the best-performing forward on the team.

18. At the end of the year, MS. THOMAS was honored at the team's annual banquet as the most improved player.

19. On April 29, 2019, without warning or explanation, Mr. MCGUIRE released Ms. THOMAS from the women's soccer team, along with four others.

20. JIM KNOWLTON ratified this action.

21. Players are not commonly released from University-level athletic teams. In spring 2019, the Cal men's soccer team released just one male player who had played substantially fewer minutes than did other men's team players. Ms. THOMAS and other young women on the women's soccer team were treated unfairly when compared with their male counterparts.

22. As a result of these actions, Ms. THOMAS suffered harm, including but not limited to serious emotional distress, embarrassment, and harm to her reputation. In addition, Ms. THOMAS was deprived of her opportunity to play on other university soccer teams based on her reasonable reliance on the promises made to her regarding her performance and retention on the Cal team.

**FIRST CLAIM FOR RELIEF**
**(by RENEE THOMAS against THE REGENTS OF THE UNIVERSITY OF CALIFORNIA)**
**(Violation of Title IX of the Education Amendments of 1972)**

23. Plaintiff incorporates paragraphs 1 through 22 as though fully set forth herein.

24. Title IX provides, "No person in the United States shall, on the basis of sex, . . . be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S. C. § 1681(a). Therefore, all programs of THE REGENTS, including the athletic programs, are subject to the requirements of Title IX, 20 U.S.C. § 1687.

25. Title IX's implementing regulations provide: "No person shall, on the basis of sex, . . . be denied the benefits of, be treated differently from another person or otherwise be discriminated against in any interscholastic, intercollegiate, club or intramural athletics offered by a recipient, and the recipient shall provide any such athletics separately on such basis." 34 C.F.R. § 106.41(a).

26. Under Title IX, Universities must provide "equal treatment and benefits" to members of both sexes in their athletic programs. 44 Federal Register 71,413 (1979), the Department of Education, Office of Civil Rights' 1979 Policy Interpretation ("Policy Interpretation").

27. The regulations required that sponsors of interscholastic athletics comply with the regulations within three years of their effective date, or by July 21, 1978 at the latest. The regulations further require that sponsors of interscholastic athletics take such remedial actions as are necessary to overcome the effects of sex discrimination in violation of Title IX. 34 C.F.R. §106.3(a).

28. MS. THOMAS is informed and believes, and based thereon alleges, that THE REGENTS have not taken remedial actions to satisfy its obligations under Title IX concerning the disparate treatment of the men's and women's soccer teams.

29. As a proximate result of these unlawful acts, MS. THOMAS suffered irreparable injury.

30. MS. THOMAS is entitled to relief, including damages, declaratory relief and injunctive relief, attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**(by RENEE THOMAS against NEIL MCGUIRE and JIM KNOWLTON)**
**(Violation of Section 66271.8 of the California Education Code)**

31. Plaintiff incorporates paragraphs 1 through 30 as though fully set forth herein.

32. Section 66271.8 of the California Education Code provides that no female athlete in a postsecondary educational institution shall be denied equal treatment and benefits as compared with male athletes in that institution.

33. MS. THOMAS is informed and believes, and based thereon alleges, that THE REGENTS have not taken appropriate actions to satisfy its obligations under the California Education Code concerning the disparate treatment of players on the men's and women's soccer teams.

34. As a proximate result of these unlawful acts, MS. THOMAS suffered irreparable injury.

35. MS. THOMAS is entitled to relief, including damages, declaratory relief and injunctive relief, attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**(by RENEE THOMAS against NEIL MCGUIRE and JIM KNOWLTON)**
**(Violation of the Unruh Act)**

36. Plaintiff incorporates paragraphs 1 through 35 as though fully set forth herein.

37. By virtue of the foregoing, defendants NEIL MCGUIRE and JIM KNOWLTON denied MS. THOMAS full and equal privileges as compared with male athletes.

38. A substantial motivating reason for defendants NEIL MCGUIRE'S and JIM KNOWLTON'S conduct was MS. THOMAS' gender.

39. As a result, MS. THOMAS suffered harm, which defendants NEIL MCGUIRE'S and JIM KNOWLTON'S conduct was a substantial factor in causing.

**FOURTH CLAIM FOR RELIEF**
**(by RENEE THOMAS against NEIL MCGUIRE and JIM KNOWLTON)**
**(Negligence)**

40. Plaintiff incorporates paragraphs 1 through 39 as though fully set forth herein.

41. By virtue of the foregoing, defendants NEIL MCGUIRE and JIM KNOWLTON had a duty of care to MS. THOMAS to avoid subjecting her to discrimination based upon her gender and the injuries she would suffer as a result of such discrimination.

42. Defendants NEIL MCGUIRE and JIM KNOWLTON breached that duty of care by releasing Ms. THOMAS from the Cal women's soccer team despite her high quality performance on the team.

43. As a result, MS. THOMAS suffered harm, including but not limited to economic harm, serious emotional distress, embarrassment, and harm to her reputation.

**FIFTH CLAIM FOR RELIEF**
**(by RENEE THOMAS against NEIL MCGUIRE and JIM KNOWLTON)**
**(Negligent Infliction of Emotional Distress)**

44. Plaintiff incorporates paragraphs 1 through 43 as though fully set forth herein.

45. By virtue of the foregoing, defendants NEIL MCGUIRE and JIM KNOWLTON were negligent when they breached their duty of care owed to MS. THOMAS and unjustifiably released her from the Cal women's soccer team.

46. As a result of their negligence, MS. THOMAS suffered economic harm, serious emotional distress, and damage to her reputation.

47. Defendants NEIL MCGUIRE'S and JIM KNOWLTON'S negligence was a substantial factor in causing MS. THOMAS's harm.

**DAMAGES**

48. As a result of the actions of defendants set forth above, plaintiff RENEE THOMAS suffered damages as follows:

(a) She incurred the cost of attending college at the University of California, Berkeley, which she would not have incurred if she had known that she would be dismissed from the soccer team without justification;

(b) She lost the value of the scholarship she was offered to attend the University of Colorado which she would have accepted had she known that she would not be allowed to participate on the soccer team at Cal;

(c) She suffered substantial emotional distress, embarrassment, and harm to her reputation.

**PUNITIVE DAMAGES**

49. In taking the actions described above, defendants MCGUIRE and KNOWLTON intentionally and maliciously violated MS. THOMAS' rights to be free from discrimination on the basis of her gender and/or acted with reckless disregard as to whether their actions violated MS. THOMAS' rights to be free from gender discrimination.

WHEREFORE, plaintiff RENEE THOMAS prays that this Court order relief as follows:

(1) General damages for emotional distress, pain and suffering, embarrassment, and harm to her reputation, in an amount to be determined;

(2) Special damages for economic loss, in an amount to be determined;

(3) Punitive damages against defendants McGuire and Knowlton, in an amount to be determined;

(4) Declaratory relief finding that defendants violated her rights to be free from discrimination on the basis of her gender;

(5) Injunctive relief requiring defendants to reinstate her to the women's soccer team;

(6) Interest at the legal rate;

(7) Attorneys' fees;

(8) Costs of suit; and

(9) Such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff RENEE THOMAS requests a trial by jury on all issues so triable in this case.

Dated: October 3, 2019

SIEGEL, YEE, BRUNNER & MEHTA

By: ______________________
Dan Siegel

Attorneys for Plaintiff
RENEE THOMAS